# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID SCOTT FROST,**  )<br>)<br>    **Plaintiff,**   )<br>)<br>**v.**   )<br>)<br>**JUDGE LEE CARTER AND**  )<br>**RUSSELL EATON,**   )<br>)<br>    **Defendants.**   ) | Civil Action Number<br>**5:20-cv-00864-AKK** |

## MEMORANDUM OPINION

Plaintiff David Scott Frost, an inmate at the Limestone Correctional Facility, was charged in 2011 in three Alabama counties for making terroristic threats. Doc. 1 at 11-12. Based in part on his contention that he made all the calls from his residence in Franklin County and that he "did not cross the jurisdictional territorial boundary of Franklin County" when he made the calls, doc. 1 at 14, Plaintiff asserts that the charges he faced in Winston County violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. He alleges that although he wanted to raise this defense, his lawyer, Russell Eason, and Judge Lee Carter prevented him from doing so and forced him to plead guilty rather than allowing him to exercise his right to a jury trial under the Sixth Amendment. *Id.* at 16-17, 21. Based on his plea, he received a five-year probation sentence, *id.* at 12, which it

1

seems he subsequently violated and received a prison sentence as a result, *id*. at 12-13. He apparently failed to report to prison and was charged in 2019 for escape and found himself again before Judge Carter. *Id*. And while he was waiting for his court appearance on this new charge, which he claims is an illegal charge that stems from him being unable to report while he was unlawfully detained at Kilby Correctional Facility, Eason visited him in jail and allegedly sexually harassed him. *Id*. at 13, 19. Plaintiff also alleges that when he later informed Judge Carter that he did not want Eason to represent him, the decision purportedly angered Judge Carter and led to the ten-year sentence he received on the escape charge. *Id.* at 13. Based on his contention that his "entire criminal process was in contradiction to the law, and his substantive fundamental United States Constitutional rights, privileges, protections, guarantees, and immunities," doc. 1 at 22, Plaintiff brings this action under 42 U.S.C. § 1983 against Judge Carter and Eason.[1]

---

[1] Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . . .

42 U.S.C. § 1983.

I.

Plaintiff has moved to proceed *in forma pauperis*, doc. 3, which the court granted, doc. 4. Under 28 U.S.C. § 1915, district courts must dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The standard governing dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies equally to § 1915(e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). As explained below, Plaintiff fails to state a claim on which relief may be granted and, as to Judge Carter, seeks monetary relief against a defendant who is immune from such relief. Therefore, his claims are due to be dismissed.

II.

A.

Plaintiff's challenge to the 2011 charge and alleged coerced plea is barred by the statute of limitations. The relevant statute for claims under Section 1983 is the one that governs a state's personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985). And in Alabama, it is a two-year statute of limitations. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). Thus, to the extent that Plaintiff believed that

3

Judge Carter and Eason violated his rights, he should have filed his lawsuit by 2013 or 2014 (depending on when he entered his purported coerced plea). Therefore, all claims related to the 2011 charge and sentence are due to be dismissed with prejudice.

## B.

Based on the complaint, this is not the first time Plaintiff has filed a lawsuit challenging the conduct of Eason and Judge Carter. Doc. 1 at 14. A recent lawsuit he filed in the Circuit Court of Montgomery County against these two defendants and others was dismissed, "in its entirety, with prejudice" because the court found it "does not have the jurisdiction to review nor the ability to grant the relief Plaintiff is requesting." *Id*. at 27. To the extent that the ruling in the case in Montgomery County was an adjudication of the merits, this lawsuit is barred by res judicata. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308-1309 (11th Cir. 2006).

## C.

Plaintiff pleads claims under § 1983 against Eason alleging a violation of his due process rights. "The Fourteenth Amendment does not prohibit private conduct, however discriminatory or wrongful, unless the private individual has become so allied with the state as to be a state actor." *King v. Epstein*, 167 F. App'x 121, 122-23 (11th Cir. 2006).  A lawyer appointed by a state to represent a criminal defendant

does not become allied with the state simply due to the appointment.[2] To the contrary, the lawyer is charged with representing the defendant and taking actions in that advocacy that may well be contrary to the state's interests to prosecute the defendant. And, critically, as to the alleged sexual harassment by counsel here in 2019 or 2020, there is nothing in the complaint to suggest that Eason acted in a capacity other than as a private actor or that Judge Carter knew about the alleged conduct and sanctioned it. Therefore, in the absence of any contention that the state, through Judge Carter, ordered the alleged conduct by Eason,[3] or that Eason carried out the alleged conduct through a joint participation corrupt conspiracy-type agreement with Judge Carter,[4] Plaintiff's § 1983 claims against Eason for the 2019 or 2020 alleged conduct are due to be dismissed without prejudice.

## D.

Finally, Plaintiff asserts money damages claims against Winston County Circuit Court Judge Lee Carter pursuant to 42 U.S.C. § 1983. Read favorably, it seems Plaintiff is claiming that, as to his initial conviction in 2012, Judge Carter violated his rights under the Fifth Amendment of the United States Constitution by

---

[2] As the Supreme Court has held, "appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense." *Tower v. Glover*, 467 U.S. 914, 920 (1984). *See also McIndoo v. Broward Cty.*, 750 F. App'x 816, 820 (11th Cir. 2018); *Vermont v. Brillon*, 556 U.S. 81, 91 (2009).

[3] *See Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982).

[4] *See Dennis v. Sparks,* 449 U.S. 24, 28-29 (1980).

5

presiding over his case on charges that purportedly violated the Double Jeopardy Clause and deprived him of his Sixth Amendment right to a jury trial by forcing him to plead guilty to the charges. Doc. 1 at 14, 17. And, as to his 2020 conviction for escape, Plaintiff is claiming that the charge for escape was illegal because he was unable to appear due to his unlawful detention at Kirby Correctional Facility. *Id.* at 19. For the reasons explained below, the court finds that Judge Carter is entitled to judicial immunity.

"[T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have." *Forrester v. White*, 484 U.S. 219, 226 (1988). And indeed, "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Id.* at 226-27 (citations omitted). Perhaps more importantly, there are alternative avenues for litigants to challenge decisions made by judicial officers. Put differently, "suits against judges [are not] the only available means through which litigants can protect themselves from the consequences of judicial error." *Id.* at 227. Indeed, litigants facing unfavorable decisions may seek relief

"through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id.*

Accordingly, where, as here, Plaintiff brings suit against Judge Carter in his individual capacity for money damages, "[t]he Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983. . . . The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978)). "[T]he second part of the test is whether the judge acted in the 'clear absence of all jurisdiction.'" *Id.* at 1085 (quoting *Stump*, 435 U.S. at 357).

Here, Plaintiff concedes that he appeared before Judge Carter in a judicial capacity – i.e. to answer for the charges in 2011 and again in 2019 for the escape charge related to the initial sentence he received. His argument is thus, at best, related to the second prong—i.e. whether Judge Carter properly exercised jurisdiction. Relevant here, the pertinent question is whether Judge Carter acted in a clear absence of all jurisdiction. "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Takuma Owuo-Hagood v. Sullivan*, 388 F. App'x 953, 955 (11th Cir. 2010) (citing *Dykes v.*

7

*Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985)). Based on the facts in the Complaint, Plaintiff appeared before Judge Carter in 2011 after his arrest for terroristic threats, doc. 1, at 11-12, and subsequently in 2019 for an escape from prison charge, *id.* at 12-13. That Plaintiff believes the initial charges constituted double jeopardy or that the escape charge was erroneous, doc. 1 at 14-15, 19, does not divest Judge Carter of jurisdiction over him or establish that Judge Carter acted in a clear absence of jurisdiction.[5] And while Plaintiff may believe that Judge Carter abused his discretion by purportedly presiding over illegal charges in 2012 and 2019, allegedly coercing him into pleading guilty in 2012, and giving him a ten-year sentence in 2020 because Judge Carter was mad "that he had fired attorney Russell Eason for good," doc. 1 at 13, these contentions are irrelevant to the jurisdictional analysis. As the Supreme Court has aptly put it:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose

---

[5] Under Alabama law, "[e]very person, whether an inhabitant of the State of Alabama or of any other state or country, is liable to punishment by the laws of Alabama for an offense committed in the state, except when it is by law exclusively cognizable in the United States courts." Ala. Code § 15-2-1. And because "the venue of all public offenses is in the county in which the offense was committed," Ala. Code § 15-2-2, if Plaintiff made terroristic calls to persons in Winston County, then the state had every right to charge him in Winston County.

interests it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (quotation marks and citation omitted).

Significantly, Plaintiff had and has avenues through the state courts to challenge the charges by seeking relief through the appropriate appellate channels. Therefore, while judicial immunity is not absolute, the court finds that Judge Carter dealt with Plaintiff in his judicial capacity and that there is nothing alleged in the Complaint to show that Judge Carter lacked jurisdiction over Plaintiff. Accordingly, the claims against Judge Carter are due to be dismissed.

## III.

For all these reasons, the claims against Judge Carter are due to be dismissed with prejudice. As to Eason, the claims for the 2011 conduct are dismissed with prejudice and the claims for the alleged conduct in 2019 or 2020 are due to be dismissed without prejudice.

**DONE** the 7th day of December, 2020.

*[signature]*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE